Argued March 16, affirmed May 24, 1961

HOLMES *v.* GLEASON ET AL

362 P. 2d 332

*Robert H. Hollister*, Portland, argued the cause for appellant. With him on the briefs were Hollister & Thomas, Portland.

*Robert M. Christ*, Deputy District Attorney, Portland, argued the cause for respondents. With him on

the brief was Charles R. Raymond, District Attorney, Portland.

Before McALLISTER, Chief Justice, and WARNER, SLOAN, O'CONNELL and LUSK, Justices.

PER CURIAM.

In this proceeding plaintiff has attempted to compel the defendants, as members of the Multnomah County Employees Retirement Board, to grant plaintiff a pension. The trial court entered a decree for defendants and plaintiff appeals. Our sympathies are entirely with plaintiff, but the law and facts are not.

On June 8, 1928, Circuit Judge Louis P. Hewitt signed an order appointing plaintiff as "Official Reporter pro tem" of the Circuit Court for Multnomah County. Plaintiff contends that he served in that capacity until 1944 when he was appointed an official court reporter by one of the other circuit judges. He retired in 1954. In order to obtain a pension it was necessary for him to prove that he had been an employee of Multnomah County for fifteen continuous years. Oregon Laws 1949, ch 300, as amended by Oregon Laws 1953, ch 426. It is thus apparent that his service for at least five years as a reporter pro tem prior to 1944 must be included to reach the necessary fifteen years of service.

The statute providing for the appointment of a pro tem reporter in 1928 was § 933, OL. The section is now found at ORS 8.320.

> "§ 933. Stenographers Appointed to Act Pro Tem. That in the event of the absence or inability of the official reporter to act, the judge may appoint a competent stenographer to act pro tem., who shall perform the same duties as the official

> reporter, and whose report, when certified to, shall have the same legal effect as the certified report of the official reporter. The reporter pro tem. shall possess the qualifications and take the oath prescribed for the official reporter, and shall receive the same compensation. [L. 1889, p. 144, § 6, B. & C. § 908.]"

It is clear that the legislature did not intend that a person should serve as a reporter pro tem except on a temporary, substitute basis when the official reporter was unavailable. It did not mean that a pro tem was to be appointed to serve indefinitely. There is some indication in the scant record before us that the statute has been continuously violated in Multnomah County. In this case it is claimed that by virtue of nothing more than the order of appointment made by Judge Hewett in 1928 plaintiff served continuously thereafter until 1944. It may be true. But the record does not support the claim. In fact, there is no evidence from which the court could determine that plaintiff worked one week, one month or constantly during the years in question. Whatever may have been the custom in Multnomah County at that time or now is not important. The statute does not authorize nor permit pro tems to be appointed or serve upon anything other than a temporary basis. The circuit court of Multnomah County had no power to violate this statute.

■ The defendants, acting as the Retirement Board, refused plaintiff's application for a pension because they found "insufficient service to Multnomah County." We do not know if this decision was made because the board thought that the statute we have quoted did not qualify a pro tem reporter as a county employee, or because the record of the amount of service performed

by plaintiff did not show how much time he had actually been employed. The record before us, which apparently is the same as that before the Board, would sustain the Board's determination on either ground. We must reluctantly hold that the Board and the trial court were right.

The decree is affirmed. Costs to neither party.